**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DEBRA A. FOSTER,
　　　　　Appellant,

　　　　v.

SOCIAL SECURITY
　　ADMINISTRATION,
　　　　　Agency.

DOCKET NUMBER
CH-1221-16-0563-W-1

DATE: January 17, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Debra A. Foster, Chicago, Illinois, pro se.

Amy Baines, Esquire, and James Hail, Esquire, Chicago, Illinois, for the
　agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The agency took a performance-based removal action against the appellant, a GS-0105-11 Social Insurance Specialist Claims Authorizer, effective January 8, 2016. Initial Appeal File (IAF), Tab 1 at 14. It appears that the Office of Personnel Management approved her application for disability retirement at some point after her removal. IAF, Tab 13 at 79. The appellant filed a complaint with the Office of Special Counsel (OSC) and, after receiving a closure letter, filed an IRA appeal in which she alleged that the agency took a number of personnel actions against her in reprisal for her alleged protected disclosures. IAF, Tab 1 at 10-12, Tab 9 at 11-26.

¶3 The administrative judge issued proper notice affording the appellant accurate and complete notice of her burden of establishing jurisdiction over her IRA appeal. IAF, Tab 3. After considering the parties' responses, the administrative judge issued an initial decision that dismissed the appeal for lack of jurisdiction upon finding that the appellant failed to make a nonfrivolous allegation that any of her disclosures were protected. The appellant petitions for review of the initial decision. Petition for Review (PFR) File, Tabs 1, 5. The

3

agency responds in opposition to the petition for review, and the appellant replies to the agency's response.  PFR File, Tabs 6-7.

¶4		The Board has jurisdiction over an IRA appeal if the appellant exhausts her administrative remedies before OSC and makes nonfrivolous allegations that (1) she made a disclosure that was protected under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A).  *Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 6 (2014). Here, the appellant did not clearly explain which issues she raised to OSC.  She submitted a partial copy of her original OSC complaint on Form 11 ("Complaint of Possible Prohibited Personnel Practice or Other Prohibited Activity") and copies of correspondence from OSC concerning her complaint.  IAF, Tab 1 at 7-13, Tab 9 at 11-26.  The initial decision accurately characterizes those disclosures (described in more detail below) that the appellant exhausted before OSC.  IAF, Tab 16, Initial Decision (ID) at 4-5.  The appellant appears to contend on review that the administrative judge incorrectly excluded other disclosures and incorrectly refused to consider disclosures raised only in the appellant's OSC Form 12 ("Disclosure of Information").  PFR File, Tab 1 at 6, 8.  However, the appellant has identified nothing in the record below to show she raised any disclosures to OSC that the administrative judge neglected to consider. Moreover, the Board has found that making disclosures to OSC's Disclosure Unit via Form 12 does not satisfy the exhaustion requirement under 5 U.S.C. § 1214(a)(3).  *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 16 (2011) (finding that, unlike OSC's Complaints Examining Unit, which investigates complaints filed on OSC Form 11, the Disclosure Unit does not review allegations of prohibited personnel practices).

¶5		Having satisfied the exhaustion requirement as to some of her alleged protected disclosures, the next step in the appellant's jurisdictional burden is to

make a nonfrivolous allegation that she made a disclosure that was protected under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  Prior to the enactment of the Whistleblower Protection Enhancement Act of 2012 (WPEA), 5 U.S.C. § 2302(b)(9) made it a prohibited personnel practice to retaliate against an employee or applicant for employment because of the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation.  Reprisal in violation of 5 U.S.C. § 2302(b)(9) was seen as reprisal based on exercising a right to complain.  *Linder*, 122 M.S.P.R. 14, ¶ 7.  After the enactment of the WPEA, the Board has jurisdiction to hear appeals of violations of 5 U.S.C. § 2302(b)(9)(A)(i), i.e., allegations of reprisal for exercising a right to complain, when the substance of that complaint seeks redress for a violation of 5 U.S.C. § 2302(b)(8).  *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 7 (2013).  However, the WPEA did not extend the Board's jurisdiction in IRA appeals to claims arising under 5 U.S.C. § 2302(b)(9)(A)(ii), which covers retaliation for exercising any appeal, complaint, or grievance right that does not seek to remedy a violation of section 2302(b)(8).  *See Young v. Merit Systems Protection Board*, 961 F.3d 1323, 1329 (Fed. Cir. 2020) (explaining that claims of reprisal for activity protected under section 2302(b)(9)(A)(ii) are remediable through different mechanisms, and not by an IRA appeal to the Board).

¶6  Here, the administrative judge correctly identified seven alleged disclosures at issue:  (1) a 2011 equal employment opportunity (EEO) complaint followed by an action in U.S. District Court; (2) a 2013 union grievance; (3) letters to Senator Durbin and Representative Rush in 2013; (4) an unfair labor practice (ULP) charge in 2015; (5) a 2015 EEO complaint; (6) a Board appeal in 2015; and (7) a March 2016 Inspector General (IG) complaint.  ID at 4-5.  The IG complaint post-dates the appellant's removal and therefore cannot be the basis of a retaliation claim.  *Mason*, 116 M.S.P.R. 135, ¶ 27.  The 2011 EEO complaint and the letters to Congress are not in the record, but the appellant nowhere asserts that

the subject matter of these alleged disclosures concerned whistleblower reprisal. Instead, the appellant's focus throughout her appeal and on review is on her assertions of personally having been subjected to discrimination and unequal treatment, not on (b)(9) complaints of retaliation for making protected disclosures. PFR File, Tab 1 at 11-13; *Spruill v. Merit Systems Protection Board*, 978 F.2d 679, 690-92 (Fed. Cir. 1992) (recognizing that, in enacting sections 2302(b)(8) and 2302(b)(9), Congress purposefully distinguished between "reprisal based on disclosure of information and reprisal based upon exercising a right to complain"; the former is covered in section 2302(b)(8), the latter in section 2302(b)(9)(A)).

¶7    There is sufficient information in the record concerning the remaining four alleged protected disclosures to conclude that none of them involved allegations of reprisal for whistleblowing. The grievance concerned the appellant's claims about how her supervisors and mentors expected her to do her work. IAF, Tab 5 at 59-62. The Federal Labor Relations Authority's decision not to issue a ULP complaint followed the appellant's ULP charge that the union wrongly refused to take a grievance to arbitration. *Id.* at 76. The 2015 EEO complaint concerned allegations of harassment, inadequate training, poor performance evaluations and the denial of a within-grade increase. *Id.* at 94, 97, 100, 105. The Board appeal also concerned the denial of a within-grade increase. Although the WPEA expanded the Board's jurisdiction to include certain (b)(9) claims, the administrative judge correctly found that the appellant did not make a nonfrivolous allegation that any of her disclosures concerned subject matter covered in (b)(8). Therefore, we find the administrative judge correctly dismissed the IRA appeal for lack of jurisdiction.[2]

---

[2] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]   The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                         /s/ for
                              Jennifer Everling
                              Acting Clerk of the Board

Washington, D.C.